# United States Bankruptcy Court
# for the District of Oregon

**Frank R. Alley, III, Judge**
Barbara D. Ivey, Judicial Assistant
Lee D. Brice, Law Clerk



151 West Seventh Ave., Suite 300
Post Office Box 1335
Eugene, Oregon 97440
(541) 465-6767
FAX: (541) 465-6898

February 22, 2007

Mr. Keith Boyd
88 E. Broadway
Eugene, OR 97401-2933

Mr. Brian Lynch
1300 SW Fifth Ave., Suite 1700
Portland, OR 97201

Re: In re Volker Farms    06-61286-fra12

Dear Counsel:

      A hearing was held on January 23, 2007, at the conclusion of which I took the matter of confirmation of the Debtor's Chapter 12 plan of reorganization under advisement. The purpose of this letter opinion is to announce my ruling. For the reasons that follow, confirmation of the plan of reorganization will be allowed with certain modifications.

      <u>Background</u>

      Debtor Volker Farms ("Volker") is a partnership consisting of four individuals and a limited liability corporation. Volker submitted a plan of reorganization under Chapter 12 of the Bankruptcy Code which provides for payment of 100% of the allowed claims. Specifically, the Debtor proposes to make annual interest payments of $185,652 to the holders of just over $1 million in secured debt. The plan as proposed would provide for extension of a security interest, superior to that of existing secured creditors, in order to finance acquisition of fertilizer for one or more crop years. Significantly, the plan provides at paragraph 11 that:

> As soon as reasonably possible, but in no event later than the fifth anniversary after entry of the order confirming the plan, the debtor will seek and obtain refinancing to payoff the plan, Key Bank, Citizens Bank, and Benton County.

Debtor's assets consist of $3.65 million in real property, and $1.39 million in personal property. The total of claims are $3,127,000, of which $2,668,000 are secured. Creditors Citizens Bank, National Frozen Food Corp., Christina Warden and Key Bank have objected to confirmation.

Discussion

1. Good Faith

The Debtor is a partnership consisting of William and Rita Volker, their sons Lincoln and Michael Volker, and L & M Ag, LLC. Over the past several years, the individuals and entities maintained a loose, if not to say chaotic financial structure. Of particular concern to the lenders is the fact that different secured loans on different property were originally taken out by different members of the partnership. The creditors allege that the plan is not made in good faith because of the forced consolidation. I don't agree.

While it is true that the pre-petition management was less than ideal, what is presented to the creditors now is little different than what they would face if the partners all filed separately and then sought substantive consolidation. The plan cannot, because of the pre-petition history, be deemed to have been filed in bad faith.

2. Feasibility

The Debtor freely admits that its history to date does not support a finding that its plan is feasible. It relies on several factors looking forward, including:

a. Elimination of unprofitable Christmas tree and orange grove operations;

b. A new crop plan involving cultivation of more reliable crops;

c. Average or better than average yields over the next several years; and

d. The Debtor will, as of the first year of the plan, rely on the production and sale of wheat, as opposed to grass seed, in order to take advantage of more reliable cash flow from wheat crops.

The Debtor projects a $500,000 profit by calendar year 2009 after debt service. Continued success over the lifetime of the plan would provide sufficient cash reserves to support a refinance of the real property which would yield sufficient proceeds to pay not only the secured debt but all unsecured debt as well.

Debtor's projections assume average or better than average yields per acre for each of the crops that it intends to plant, and average or better than average prices. Creditors object, pointing out that there is insufficient evidence that the Debtors will in fact have three to five successful years.

The Court cannot predict whether or not the next five years will bring the Willamette Valley good yields and/or good prices. Moreover, particularly good yields may depress the prices, or, conversely, prices may be enhanced by scarcity in a year producing a bad yield

throughout the region. More importantly, there is no guarantee – nor can there ever be a guarantee – that there will not be a catastrophic year due to weather, disease, vermin, or any of the multitude of disasters that beset farmers throughout the world.

However, the Debtor is not required to prove to any degree of certainty that no disaster will take place. What is required is demonstration of a reasonable probability that the growing plan will yield the desired financial results. See e.g. *In re Foertsch*, 167 B.R. 555, 566 (Bankr. D. North Dakota 1994)(court must be persuaded that it is probable that a plan will be able to cash flow); *In re Monnier*, 755 F.2d 1336, 1341 (8th Cir. 1985)(internal cite omitted)(plan must offer a reasonable prospect of success and be workable). While mindful of the optimism inherent in the Debtor's presentation, I am persuaded that the Debtor has met its burden of proof with respect to its operating income over the life of the plan.

What is problematic is the Debtor's reliance on its ability to refinance. Citizens Bank's witness was adamant in testifying that no refinance would be possible given the Debtor's, or its individual partners, financial history to date.

The plan is further flawed because it defers refinancing until the end of the plan. It makes no provision for payment of creditors in the event refinancing cannot be accomplished by that time. The plan would be feasible if it provided for refinance sometime sooner than five years on, and provided a fall-back means of paying creditors thereafter, such as application of surplus revenues, liquidation of assets, or a combination of the two.

Conclusion

Debtor's plan of reorganization should be given the opportunity to succeed, provided that a modified plan is advanced which runs for three or four years and, at the end of that time, either pays all creditors off through a refinance, or institutes more drastic measures to pay everyone off through liquidation. This letter opinion constitute's the court's findings of fact and conclusions of law. An order will be entered by the court.

Very truly yours,

FRANK R. ALLEY, III
Bankruptcy Judge

cc: Churnside, Cushing, Palmer, Russillo